UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNA MARIE VOGT,

    Plaintiff,

v.                                    Case No. 21-CV-1347-SCD

DONALD VOGT, TERRENCE BOSTIC,
JP MORGAN CHASE & CO., DAVID
A COHEN, DOVENMUEHLE
MORTGAGE, SAMUEL Y EDGERTON,
GREGORY EVERTS, QUARLES & BRADY,
CANDY FEUCHT, JAMES CASPER,
FIDELITY NATIONAL TITLE COMPANY,
ANDREW HALL, DENNIES HERMAN,
RICHARD JEFFREY KRILL, LAKESIDE
INTL LLC, EMMANUEL MAMALAKIS
RAYMOND HAMES FINANCIAL INC,
CT CORP, KIMBERLY SEGER, DEBRA
SOINE, ROBERT STEUER, UNIV WIS
CREDIT UNION, IAN WARLICK-SHORT,
WELLS FARGO, KATHLEEN WILSON

    Defendants.

## REPORT AND RECOMMENDATION TO DISMISS
## ACTION AS FRIVOLOUS

On November 22, 2021, Donna Marie Vogt filed a sprawling, 97-page *pro se* complaint against several defendants seeking $82,500,000 in money damages. *See* ECF No. 1. The matter was assigned to me, pending Vogt's consent. ECF No. 2. To date, Vogt has not consented to magistrate-judge jurisdiction. Because Vogt's complaint is frivolous, I will recommend that it be dismissed.

Vogt has not moved to proceed *in forma pauperis*, but neither has she paid the filing fee. Regardless, her complaint is subject to screening under 28 U.S.C § 1915(e)(2)(B)(i), which

provides that federal courts "have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). "But when the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the sua sponte dismissal without giving notice and the opportunity to respond." *Weinschenk v. CIA*, 818 Fed. Appx. 557, 558 (7th Cir. 2020). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Vogt's complaint is clearly baseless and nearly incomprehensible. Her complaint includes allegations against a host of defendants ranging from Raymond James Financial, the University of Wisconsin Credit Union, and the Quarles & Brady law firm, to two notaries public and an ex-husband. The allegations suggest a scheme to copy the plaintiff's driver's license signature, commit arson to her home, steal her business and her fingerprints, poison her, defame her, and bribe judges, sheriffs, district attorneys, and her ex-husband. They further include allegations that Donald Vogt, the ex-husband, prepared a guillotine door and tricked her into walking beneath it, ECF No. 1 ¶ 91, that David A. Cohen "received tens of millions of dollars to perform harm to [plaintiff] to cause her to get a felony on her record," ECF No. 1 ¶ 53, and that Richard Jeffrey Krill directed a series of helicopter attacks against her to prevent her from filing this lawsuit, ECF No. 1 ¶ 143. It appears that Vogt's complaint is a sequel to a lawsuit she filed in this district in 2009, a case presided over by Judge Stadtmueller. *Vogt v. Raymond James Fin. Servs.*, No. 09-CV-83, 2009 U.S. Dist. LEXIS 80992, at *1 (E.D.

2

Wis. Aug. 20, 2009). In her previous case, Vogt also sued several defendants named in the present action, including Raymond James, Terrance Bostic, Emmanual Mamalakis, David Cohen, Gregory Everts, and Samuel Edgerton. *See id*. As here, Vogt's previous case was "so insufficiently pled, and her complaint so clearly failed to establish a basis for federal jurisdiction, that no reasonable person could suppose that there would be any merit to advancing her claims." *Vogt v. Raymond James Fin. Servs.*, No. 09-CV-83, 2009 U.S. Dist. LEXIS 80992, at *5 (E.D. Wis. Oct. 5, 2009) (denying Vogt the right to proceed *in forma pauperis* on appeal).

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Accordingly, the clerk of court is directed to randomly assign this case to a district judge for consideration of the following recommendations: (1) that this action be dismissed according to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous; and (2) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 8th day of December, 2021

*Stephen C. Dries*

_____
STEPHEN C. DRIES
United States Magistrate Judge